IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN DUKES,

      Plaintiff,                    No. CIV S-09-2208 DAD P

vs.

J. SELBIL, et al.,

      Defendants.         ORDER
_____/

      Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983[1]. Plaintiff has not submitted an application to proceed in forma pauperis.

      The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

---

[1] Plaintiff has used the form for a petition for a writ of habeas corpus in his initial pleading filed with the court. However, he does not challenge his underlying conviction therein and the court has construed the filing as a civil rights complaint.

1

1         In this case, none of the defendants reside in this district. The claim arose in Monterey County, which is located in the Northern District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

        Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

DATED: September 4, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:md/4
duke2208.21